UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80178-CR-Marra/Matthewman

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHAN PAUL BONANNO,

    Defendant.
_____/

**ORDER DENYING GOVERNMENT'S MOTION
FOR REVOCATION OF DEFENDANT BONANNO'S BOND [DE 55]**

The Defendant, Jonathan Paul Bonanno, appeared before the Court on January 26, 2022 and January 28, 2022, for a hearing on the Government's Motion for Revocation of Defendant Jonathan Bonanno's Bond ("Motion") [DE 55].

**I.  Background**

On November 24, 2021, the Undersigned released Defendant on a $250,000 personal surety bond and a $250,000 corporate surety bond. [DEs 27, 30, 31]. The Court imposed all standard conditions, which included a requirement that Defendant avoid all contact with victims or witnesses to the crimes charged, except through counsel. *Id.*

In the Motion, the Government argued that Defendant violated his conditions of pretrial release by communicating with a witness in this case, R.S., through Instagram and then through Snapchat. [DE 55 at 3-4]. The Government also pointed out that it timely sent a list of witnesses in this case to defense counsel and the U.S. Probation Office shortly after the bond hearing. *Id.* at

2.

Defendant filed a response in which he explained that his counsel and the U.S. Probation Office failed to inform him that R.S. is a witness in this case, and also asserted that R.S. simply initiated innocuous contact with him. [DE 66].

## II. Summary of Hearing

At the January 26, 2022 hearing, which was continued on January 28, 2022, the Court heard the sworn testimony of ATF Task Force Officer Richard Silva, U.S. Probation Officer Jason Roberts, and U.S. Probation Officer Nathan Vreeland, and admitted into evidence Government Exhibits # 1-3. The Court also heard a recording of a FaceTime conversation between Defendant and R.S. from 2019. The Court considered the Government's proffer, the evidence, the relevant law, and the arguments of defense counsel and Government counsel.

## III. Relevant Law

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that the Court

> shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is…probable cause to believe that the person has committed a federal, state or local crime on release or clear and convincing evidence that the person has violated any other condition of release; and finds that…based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community or the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)-(b)(2)(B); *United States v. Wingo*, 490 Fed. Appx. 189, 190-91 (11th Cir. 2012); *United States v. Molina*, 15-80222-CR-Marra/Matthewman, 2016 WL 2344577 (S.D. Fla.

May 3, 2016); *United States v. Abovyan*, 18-80122-CR-Middlebrooks, 2018 WL 4203687 (S.D. Fla. Aug. 31, 2018).

## IV.  Analysis

Pursuant to 18 U.S.C. § 3148(b)(1)(A), the Court first finds that there is clearly no probable cause to believe that Defendant has committed a Federal, State or local crime while on release. Next, the Court cannot find that there exists clear and convincing evidence that Defendant has violated another condition of release by communicating with the individual, R.S., in violation of 18 U.S.C. §§ 3148(b)(1)(b). The evidence at the hearing established that defense counsel failed to notify Defendant of the identities of the no-contact witnesses in this case, including R.S., after the Government prosecutor, AUSA John McMillan, promptly and timely emailed the list to defense counsel, Michael Mirer, Esq. Additionally, the evidence established that U.S. Probation failed to notify Defendant of the identities of the witnesses, including the contacted witness R.S., in this case despite the fact that AUSA McMillan promptly and timely emailed the list of no-contact witnesses to the U.S. Probation Office. Furthermore, the discovery provided to the defense by the Government in this case would not have clearly signaled to Defendant that R.S. is a witness. Therefore, the Court simply cannot detain Defendant pursuant to the applicable statute. The Court will not permanently revoke Defendant's bond and pretrial detain him in this case when there is insufficient evidence that Defendant was made aware of the fact that he could not have any contact with witness R.S. prior to the messaging which occurred between the Defendant and R.S, his prior girlfriend, after he was released on bond.

## V.  Conclusion

Although the Court is denying the Government's bond revocation motion, the Court notes

that it is quite surprised and disappointed that defense counsel, Mr. Mirer, did not immediately notify Defendant Bonanno of the specific witnesses, including R.S., that Defendant was prohibited from contacting. The failure to do so has caused this Court to extend significant judicial resources in resolving the pending motion to revoke bond, and has caused the temporary incarceration of Defendant, all of which may have been avoided had defense counsel simply done what he was supposed to do in a timely manner. However, the Court finds that Mr. Mirer did not intentionally fail to advise Defendant of the witness list and did not act in bad faith. Therefore, the Court will not impose any sanctions against Mr. Mirer.

The Court is also surprised and disappointed that the assigned probation officer, who has since retired, did not document his file in the chronological notes or otherwise to show whether he had specifically advised Defendant of the list of witnesses, including R.S., that Defendant was precluded from contacting. The Court hopes that the U.S. Probation Office will review its policy in this regard and consider the implementation of a policy which will ensure that, in situations where a court orders a defendant to have no contact with certain witnesses while on bond or release, the assigned probation officer or other probation office employee be directed to specifically advise the defendant of the witnesses whom the defendant cannot contact and document that in the probation officer's file. This will avoid similar disputes and issues in the future.

However, in light of the facts adduced at the hearings held in this case, and in light of the applicable law, the Court will not permanently revoke Defendant Bonanno's bond in this case and will not order him held on pretrial detention. Accordingly, **IT IS HEREBY ORDERED** that the Government's Motion for Revocation of Defendant Jonathan Bonanno's Bond [DE 55] is **DENIED**. Defendant shall be promptly released from custody, and Defendant shall remain on

pretrial release. All conditions of pretrial release previously entered remain in effect, and Defendant shall also be required to abide by the following additional conditions:

1. Defendant shall own only one cellular phone and have only one cellular phone in his possession, which cellular phone he shall fully disclose to the U.S. Probation Office.

2. Defendant is not permitted to encrypt his phone or any other electronic device, including his iPad, Dell laptop computer, MacBook, and Apple watch or other device, or engage in any encrypted electronic conversations on any device whatsoever at any time.

3. Defendant shall not have, install or use any encrypted or ephemeral apps or any apps that involve disappearing messages, including but not limited to WhatsApp and Snapchat, on his cell phone or on any of his other electronic devices, including but not limited to his iPad, Dell laptop computer, MacBook, Apple watch, or any other device.

4. U.S. Probation shall be permitted to review and conduct limited searches on Defendant's cell phone and other electronic devices at any time to determine whether Defendant is complying with this Order, has encryption software on his devices, is using encrypted or ephemeral apps or apps that disappear, or is engaging in encrypted communications. Defendant shall provide U.S. Probation with his passwords to any password-protected devices.

5. Defendant shall block R.S. on social media and shall also block her phone number on his cellular phone. He shall have no contact with R.S. whatsoever, although Defendant's attorney may contact R.S. if necessary to prepare a defense or investigate this case. Further, Defendant shall not comment on any of R.S.'s online posts or

respond to her if she attempts to contact Defendant.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 28th day of January, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge